IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**KEVIN DICKINSON,**

       **Plaintiff,**

v.                                        **No. CIV-06-0257 MCA/LAM**

**THE NEW MEXICO BEHAVIORAL HEALTH
INSTITUTE AT LAS VEGAS; PAUL BAGWELL;
PIERRE ROUZAUD; BIKRAIM ALADDI,**

       **Defendants.**

## **MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's ***Civil Rights Complaint*** *(Doc. 1)* filed on March 31, 2006. Plaintiff is confined at the New Mexico Behavioral Health Institute, appears *pro se*, and is proceeding *in forma pauperis*. For the reasons below, certain of Plaintiff's claims will be dismissed.

      The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's *pro se* complaint, the Court

applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff is confined pursuant to a commitment order to the New Mexico Behavioral Health Institute in an attempt to restore his competency for a trial in state criminal proceedings.  Plaintiff asserts in four Counts that Defendants have denied him necessary medical and psychological treatment, as well as access to legal materials and a computer.  He claims that Defendants' actions have violated his rights under the First and Fourteenth Amendments, and he seeks class certification.  Plaintiff also invokes the Court's "pendant [sic] jurisdiction," although he raises no state law claims.  The complaint asks for damages and injunctive relief.

No relief is available on Plaintiff's claims against Defendant New Mexico Behavioral Health Institute.  "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law. . . .  As we explained in *Harris* [*v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995)], 'a governmental entity that is an arm of the state for Eleventh Amendment purposes' is not a 'person' for section 1983 purposes." *McLaughlin v. Bd. of Tr. of State Coll.*, 215 F.3d 1168, 1172 (10th Cir. 2000).  "In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.' " *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (unpublished) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997).  Plaintiff's claims against Defendant New Mexico Behavioral Health Institute will be dismissed.

Plaintiff's *pro se* status precludes class certification.  "Under Rule 23(a)(4), a class representative must 'fairly and adequately protect the interests of the class.'  A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire*

*and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). The Court will deny the request for class certification. Furthermore, nothing in this order may be construed as precluding Defendants from raising the defense of exhaustion of administrative remedies.

**IT IS THEREFORE ORDERED** that Plaintiff's request for class certification is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant New Mexico Behavioral Health Institute are **DISMISSED with prejudice**, and this Defendant is **DISMISSED** as a party to this action;

**IT IS FURTHER ORDERED** that the **Clerk is directed to issue notice and waiver of service forms for Defendants Bagwell, Rouzaud, and Aladdi.**

**IT IS SO ORDERED.**

_____
**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**