**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

KEVIN DICKINSON,

       Plaintiff,

v.                                   No. CIV-06-0257 MCA/LAM

PAUL BAGWELL;
PIERRE ROUZAUD; BIKRAIM ALADDI,

       Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

      This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order/ Injunction (Doc. 11) and his Request for Hearing (Doc. 13), both filed on June 14, 2006.  Plaintiff alleges that he is confined to the Behavioral Health Institute at Las Vegas, New Mexico.  In his memorandum in support of the motion, Plaintiff alleges that the facility where he is confined has no law library and has denied him use of a computer for legal research and drafting.  He contends that these deprivations caused the dismissal of his earlier habeas corpus application and denial of a certificate of appealability of the dismissal.  He also asserts that Defendants' actions will hinder his ability to support a number of motions that he intends to file in this action.

      In contrast to Plaintiff's allegations regarding his habeas corpus proceeding, that case was dismissed because Plaintiff had failed to exhaust his state court remedies.  *See Dickinson v. Tipton*, No. 05-14317 BB/RLP (D.N.M. Mar. 6, 2006) (Magistrate Judge's Report and Recommendation).  As with any claim, Plaintiff must "establish relevant actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), resulting from the alleged constitutional violation.  Here, if Plaintiff suffered an injury in his habeas corpus proceeding, it was caused by his failure to exhaust state court remedies and not by denial of access to a law library.

With respect to motions that Plaintiff intends to file, he makes no allegation that he will be prevented from filing, *see Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006), only that he may not be able to "support" these motions without access to a law library. "These statements appear to suggest that the State must enable the prisoner to . . . litigate effectively once in court. These elaborations upon the right of access to the courts have no antecedent in our pre-*Bounds*[ *v. Smith*, 430 U.S. 817 (1977)] cases, and we now disclaim them." *Lewis v. Casey*, 518 U.S. 343, 354 (1996) (citing *Bounds*, 430 U.S. at 825-826, and n. 14). The Supreme Court's "main concern here is 'protecting the ability of an inmate to prepare a petition or complaint.' " *Bounds*, 430 U.S. at 828 n.17 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)). The Court will deny Plaintiff's request for legal materials.

Plaintiff also asks to be allowed to use a computer for research and drafting. As noted by the Court of Appeals for the Tenth Circuit, "[a]ccess to the courts does not include a federally protected right to use a typewriter or to have one's pleadings typed." *Twyman v. Crisp*, 584 F.2d 352, 358 (10th Cir. 1978). Plaintiff's motion for injunctive relief will be denied. And last, Plaintiff's request for hearing, which the Clerk entered on the docket as a motion, will be denied as moot.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Temporary Restraining Order/Injunction (Doc. 11) filed on June 14, 2006, is DENIED; and his Request for Hearing (Doc. 13), also filed on June 14, 2006, is DENIED as moot.

_____
UNITED STATES DISTRICT JUDGE