IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEVIN DICKINSON,

        Plaintiff,

v.                                                                            CIV-06-0257 MCA/LAM

PAUL BAGWELL, et al.,

        Defendants.

### ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION (*Doc. 99*)

**THIS MATTER** is before the Court on Magistrate Judge Lourdes A. Martínez' Proposed Findings and Recommended Disposition (*Doc. 99*) (hereinafter, "PF&RD"), filed on February 12, 2008. On March 14, 2008, Plaintiff filed written objections (*Doc. 105*) to the PF&RD which were timely filed.[1] Defendants did not file objections to the PF&RD and the time for filing objections has passed; however, Defendants did file a timely response (*Doc. 109*) to Plaintiff's objections which the Court has reviewed. The Court has conducted a *de novo* review of those portions of the PF&RD to which Plaintiff objects, relevant portions of the record of this case and relevant law. Having done so, the Court has determined that Plaintiff's objections are without merit. Accordingly, the Court will overrule Plaintiff's objections; adopt the PF&RD; grant Defendants'

---

[1]The Court concludes that Plaintiff's objections were timely filed under the so-called "mailbox rule." Plaintiff's objections were due to the Court on or before March 13, 2008. Under the mailbox rule, a prisoner's papers are deemed filed on the date when he gives them to a prison official rather than the date they are actually filed with the court. *See Fogle v. Estep*, No. 06-1413, 220 Fed. Appx. 814, 816 (10th Cir. March 27, 2007) (unpublished). In the certificate of service on Plaintiff's objections, he swears that he mailed his objections to Defendants "by prison rules" on March 12, 2008, and the mailing envelope in which the Court received the objections bears a metered United States postage stamp showing a mailing date of March 13, 2008. *See* Plaintiff's Written Objections to Magistrate's Proposed Findings and Recommended Disposition (Doc. 99) (Under Penalty of Perjury) (*Doc. 105*) at 6; Notice (*Doc. 108*).

Motion for Summary Judgment (*Doc. 64*); and enter judgment in favor of Defendants, dismissing all of Plaintiff's claims and this case with prejudice.

In his objections, Plaintiff asserts that he did not know what his obligations were with regard to responding to Defendants' motion for summary judgment and that he assumed the Court would instruct him regarding his obligations. These objections have no merit. The Magistrate Judge's order (*Doc. 29*) for a *Martinez* report in this case gave Plaintiff specific notice that the *Martinez* report could be used in deciding whether to grant summary judgment on his claims, "whether by motion or *sua sponte*," and directed him to "submit whatever materials [he] consider[ed] relevant to [his] claims in [his] submissions related to the *Martinez* report including, but not limited to, any counter-affidavits or other responsive material."[2] Plaintiff appears to have understood this admonition because he filed multiple documents in response to the *Martinez* report.[3] Additionally, the Magistrate Judge, in an order (*Doc. 62*) setting a deadline for dispositive motions filed on June 27, 2007, stated, as she had in two previous orders (*Docs. 31 and 57*) on the same subject, that the filing and service of any responses, replies and notices of completion of briefing for dispositive motions would be governed by the Court's local rule D.N.M.LR-Civ. 7.6 which sets deadlines for submissions on motions.[4] Although the pleadings of pro se litigants "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," the Court is not a pro se litigant's advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

---

[2]*See* Order to File a Martinez Report (*Doc. 29*) at 4-5.

[3]Plaintiff's responses to the *Martinez* report and supplements to his responses consist of: (1) a response to the initial *Martinez* report (*Doc. 34*), filed on December 11, 2006; (2) a supplement to the response to the initial *Martinez* report (*Doc. 37*), filed on January 9, 2007; (3) a conditional response to the resubmitted *Martinez* report (*Doc. 49*), filed on March 30, 2007; and (4) a supplement to the conditional response to the resubmitted *Martinez* report (*Doc. 51*), filed on April 10, 2007.

[4]*See* Order Granting Defendants' Motion to Enlarge Time to File Dispositive Motions (*Doc. 62*) at 2.

Moreover, ignorance of the law by incarcerated pro se litigants does not excuse prompt filings in federal proceedings. *See Tafoya v. McCall*, No. 03-1087, 76 Fed. Appx. 266, 268-69 (10th Cir. October 1, 2003) (unpublished), citing *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

Next, Plaintiff contends that he lacks access to a law library and, therefore, he is unable to identify his responsibilities for responding to Defendants' motion for summary judgment at issue in the PF&RD. Additionally, he contends that he should not be penalized for failing to follow the Court's rules because the Court has not informed him of what the rules say even though he has "asked, begged and cajoled for access to those rules."[5] The Court finds that these objections are also without merit. In this case Plaintiff has repeatedly asserted that he lacks access to a law library. Yet he does not allege in his objections that he lacks access to all legal assistance and he does not allege that he was prevented from filing this lawsuit or prevented from filing a response to Defendants' motion for summary judgment. Instead, he alleges, in a conclusory statement, that he was "unable to identify his responsibilities vis-a-vis responding to Defendants' Motion for Summary Judgment."[6] In its Memorandum Opinion and Order (*Doc. 14*) filed in this case on June 29, 2006, the Court noted that Plaintiff's right of access to the courts relates primarily to protecting his ability to prepare a petition or complaint - it does not entail a right to litigate effectively once in court.[7] Furthermore, "the Constitution does not require that prisoners (literate or illiterate) be able to conduct generalized legal research, but only that they be able to present their grievances to the courts - a more limited

---

[5]Plaintiff's Written Objections to Magistrate's Proposed Findings and Recommended Disposition (Doc. 99) (Under Penalty of Perjury) (*Doc. 105*) at 1, ¶ 2.

[6]*Id.*

[7]*See* Memorandum Opinion and Order (*Doc. 14*) at 2, citing *Lewis v. Casey*, 518 U.S. 343 (1996), *Bounds v. Smith*, 430 U.S. 817 (1977) and *Wolff v. McDonnell*, 418 U.S. 539 (1974).

capability that can be produced by a much more limited degree of legal assistance." *Lewis v. Casey*, 518 U.S. 343, 360 (1996). Plaintiff's submissions in this case show that he has access to at least some legal resources in presenting his claims to the Court, demonstrated by his citations to cases and other legal authorities. His contention that he lacks access to a law library, in and of itself, does not justify his failure to respond to Defendants' motion for summary judgment. With regard to Plaintiff's objections concerning the Court's rules, the Court again notes that the Court is not Plaintiff's advocate. Furthermore, even though Plaintiff is proceeding pro se, he is obligated to comply with the Court's rules and ignorance of those rules does not excuse the prompt filing of a response to Defendants' motion for summary judgment. *See Tafoya v. McCall*, 76 Fed. Appx. at 268-69. Moreover, the Court finds no instances in the record where Plaintiff made a proper request for a copy of the Court's rules that was denied.

Plaintiff also contends that Defendants' motion for summary judgment and the PF&RD contain citations to case law, statutes and rules which he "cannot meaningfully respond to" because he cannot look up the cited cases or do his own legal research to find cases and authorities which support his arguments.[8] The Court rejects this argument. Inmates like Plaintiff have a constitutional right to "adequate, effective, and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977). "[This] fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828. However, "inmates do not have the right to select the method by which access will be provided." *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir.1996). As noted above, Plaintiff does

---

[8]Plaintiff's Written Objections to Magistrate's Proposed Findings and Recommended Disposition (Doc. 99) (Under Penalty of Perjury) (*Doc. 105*) at 1, ¶ 3.

4

not allege that he lacks access to all legal assistance, and his submissions in this case show that he has access to at least some legal resources in presenting his claims, including a paralegal. In his objections, Plaintiff offers no specifics demonstrating that he requested legal research assistance or legal authorities related to this case that prison officials denied. The Court finds that Plaintiff's conclusory, self-serving allegations that he was denied access to legal authorities does not warrant sustaining this objection to the PF&RD.[9]

Plaintiff contends that he filed a motion to amend his complaint, together with a proposed amended complaint, in an effort to correct factual deficiencies in his claims, which the Magistrate Judge denied. He contends that the Magistrate Judge should have considered his proposed amended complaint in connection with her findings and recommended disposition in the PF&RD. The record of this case shows that Plaintiff's motion to amend complaint (*Doc. 69*) was filed on August 14, 2007, and denied by the Magistrate Judge in an order (*Doc. 82*), filed on December 6, 2007. Plaintiff's motion to reconsider this denial (*Doc. 85*) was denied by the Magistrate Judge in an order (*Doc. 96*), filed on February 12, 2008. Thus, Plaintiff's proposed amended complaint was never made part of the pleadings in this case and was not part of the *Martinez* report or the submissions on Defendants' motion for summary judgment. Therefore, the Magistrate Judge was not required to consider the proposed amended complaint in connection with her findings and recommended disposition in the PF&RD.[10]

---

[9]To the extent Plaintiff complains of not having access to legal resources at the present time, any claims that he may have based on such complaints would lie against prison officials responsible for the prison where he is presently incarcerated, not Defendants in this case.

[10]Fed. R. Civ. P. 56(c) states that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

Plaintiff next asserts that the Magistrate Judge incorrectly believed Defendants in this case and disbelieved Plaintiff. He appears to argue that Defendants' motion for summary judgment should not be granted because the facts in this case are controverted. He lists examples of what he contends are controverted facts. The Court finds this objection deficient in several respects. First, this objection does not sufficiently direct the Court's attention to those parts of the PF&RD which Plaintiff contends are in error. There are no references in this objection to those portions of the PF&RD which Plaintiff believes are incorrect. Objections to a magistrate judge's report and recommendations must be specific in nature to warrant consideration.[11] A party must object "with sufficient specificity so as reasonably to alert the district court [to] the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Second, in most of his examples of controverted facts, Plaintiff fails to identify the source of the facts on which he relies or, instead, cites to his proposed amended complaint which is not part of the pleadings in this case, was not part of the *Martinez* report or the submissions on Defendants' motion for summary judgment, nor was it considered by the Magistrate Judge in her PF&RD. Third, under the Court's local rule 56.1(b), Plaintiff's failure to specifically controvert the material facts set forth in Defendants' motion for summary judgment constituted an admission of those facts. By attempting to controvert those facts in his objections to the PF&RD, Plaintiff is, in effect, raising new issues that were not before the Magistrate Judge, which is improper. *See United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000) (arguments not made before a magistrate judge are normally waived for purposes of review by the district court even though review is de novo); *Maurice v. State Farm*

---

[11]*See* Fed. R. Civ. P. 72(b)(2) (requiring objecting party to file "*specific* written objections"); 28 U.S.C. § 636(b)(1) (directing district judge to make a de novo determination "of those portions of the report or *specified* proposed findings or recommendations to which objection is made.") (emphasis added).

*Mutual Auto. Ins. Co.*, 235 F.3d 7, 10 (1st Cir. 2000) (when magistrate judge hears a dispositive motion, movant must make all arguments in connection with the motion and cannot later add new arguments at subsequent stages of the case).

The Court also rejects Plaintiff's objection that he could not respond to Defendants' motion for summary judgment because his does not have a complete case file. Plaintiff contends that he has repeatedly asked for copies of missing documents by letter to the Court Clerk and by a motion that was never filed. Plaintiff accuses the Court Clerk of not filing his motions and of not answering his letters sent to the Court. This allegation is not substantiated in the record. The record does not show that Plaintiff submitted letters to the Court Clerk asking for copies of documents and it does not show that Plaintiff submitted a motion asking for copies of documents filed in this case. Thus, there is no evidence in the record, apart from Plaintiff's conclusory allegations in his objections, that the Court Clerk or the Court denied any proper request for copies of documents made by Plaintiff.

Plaintiff appears to contend that the Magistrate Judge erred in denying his motion to file a belated response to Defendants' motion for summary judgment.[12] This motion (*Doc. 91*), filed on January 14, 2008, was denied by the Magistrate Judge in an order (*Doc. 98*) filed on February 12, 2008. The Court will not sustain this objection to the PF&RD. First, this motion is not at issue in the PF&RD. Second, Plaintiff failed to file objections to this order pursuant to Fed. R. Civ. P. 72(a) and the time for filing objections has passed.[13] Third, Plaintiff fails to explain

---

[12]This motion, which sought an open-ended extension of time to respond to Defendants' motion for summary judgment and to file a cross-motion for summary judgment, was filed more than five months after Plaintiff's response to Defendants' motion for summary judgment was due and six months after the deadline set by the Court for filing dispositive motions (*Doc. 62*).

[13]Fed. R. Civ. P. 72(a) provides that a party may serve and file objections to a magistrate judge's order ruling on a nondispositive pretrial matter but the objections must be filed and served "within 10 days after being served with a copy [of the order]." The rule goes on to provide that "[a] party may not assign as error a defect in the order not timely objected to."

how the filing of a belated response to Defendants' summary judgment motion would have changed the outcome of the PF&RD.  Fourth, Plaintiff's asserted ignorance of relevant filing deadlines does not excuse his failure to file a timely response to Defendants' summary judgment motion.  *See Tafoya v. McCall*, 76 Fed. Appx. at 268-69 (district court did not abuse its discretion in denying inmate's request to file out-of-time response to summary judgment motion).

Next, Plaintiff appears to contend that the Magistrate Judge should have informed him when his response to Defendants' summary judgment was due, although he could not have answered any legal arguments in the motion without access to legal research.  These objections are addressed in the discussion above and rejected by the Court.

Plaintiff also contends that the Magistrate Judge is biased against him and favors Defendants. As an example, he appears to cite a finding by the Magistrate Judge in the PF&RD that, apart from Plaintiff's conclusory allegations and self-reports that he suffers from Attention Deficit/Hyperactivity Disorder, there is no medical or other evidence that he has been diagnosed with, or requires treatment for, this condition.[14]  Additionally, Plaintiff cites a reference to conclusory allegations by Plaintiff in another order (*Doc. 95*), filed by the Magistrate Judge on February 12, 2008.[15]  Plaintiff appears to contend that the Magistrate Judge feels Defendants are entitled to summary judgment because their version of the facts of this case is more believable. Having reviewed the materials cited by Plaintiff and considered the record and the PF&RD, the Court finds no evidence of bias against Plaintiff by the Magistrate Judge and rejects this objection.

---

[14]*See* PF&RD (*Doc. 99*) at 22.

[15]*See* Plaintiff's Written Objections to Magistrate's Proposed Findings and Recommended Disposition (Doc. 99) (Under Penalty of Perjury) (*Doc. 105*) at 4, ¶ 10; Order Denying Plaintiff's Motion for Judicial Notice of Inability to Prepare Adequate Pleadings, and of Difference Between Handwritten Pleadings and Those Prepared on Word Processor (Doc. 84) (*Doc. 95*) at 2.

As further evidence that the Magistrate Judge is prejudiced against him, Plaintiff cites the Magistrate Judge's denial of his motion to compel production of documents (*Doc. 48*), filed in this case on March 22, 2007.[16]  The Court will not sustain this objection to the PF&RD.  First, this motion is not at issue in the PF&RD.  Therefore, it is not properly the subject of objections to the PF&RD under Fed. R. Civ. P. 72(b)(2).  Second, Plaintiff failed to file objections to this order pursuant to Fed. R. Civ. P. 72(a) and the time for filing objections has passed.  Third, the Court finds no evidence of prejudice against Plaintiff in the Magistrate Judge's ruling on Plaintiff's motion to compel.

In a very brief objection to the PF&RD, Plaintiff asserts, without explanation, that Defendants' motion for summary judgment "is nothing more than a second bite at the same apple the Magistrate provided with the Martinez report."[17]  The Court finds this objection too vague to be considered under the specificity requirements of Fed. R. Civ. P. 72(b)(2) and 28 U.S.C. § 636(b)(1).

Next, Plaintiff appears to challenge the Magistrate Judge's findings in the PF&RD with regard to Plaintiff's claims that Defendants denied him the use of a computer or the use of his own personal computer and computer disks for legal research and writing.[18]  Plaintiff contends, in part, that he should have been allowed to use a computer because he suffers from arthritis, a condition which he claims is proved by Exhibit C to his motion for reconsideration (*Doc. 103*), filed on March 14, 2008.  The Court has reviewed these findings in the PF&RD and finds no error.  As noted by the Tenth Circuit Court of Appeals, "[a]ccess to the courts does not include a federally protected

---

[16] This motion was denied by the Magistrate Judge in an order (*Doc. 53*), filed on April 23, 2007.

[17] Plaintiff's Written Objections to Magistrate's Proposed Findings and Recommended Disposition (Doc. 99) (Under Penalty of Perjury) (*Doc. 105*) at 5, ¶ 12.

[18] These findings are in the section of the PF&RD (*Doc. 99*) at pages 30-36.

9

right to use a typewriter or to have one's pleadings typed." *Twyman v. Crisp*, 584 F.2d 352, 358 (10th Cir. 1978). Nor does Plaintiff's right of access to the courts include a right to the use of a computer. *See Lehn v. Hartwig*, No. 00-1631, 13 Fed. Appx. 389, 392 (7th Cir. 2001) (unpublished) ("If prisoners have no constitutional right to a typewriter, they certainly do not have one to a computer.") (citations omitted). Exhibit C to Plaintiff's motion for reconsideration (*Doc. 103*) does not change the Court's conclusion. This exhibit, filed a full month after the PF&RD was filed, was not before the Magistrate Judge when she considered the PF&RD. Moreover, this exhibit only contains a statement dated in 2008, that Plaintiff "has osteoarthritis in his right hand . . . [which] is not debilitating [but] may restrict what he is able to do with his right hand."[19]

Plaintiff argues that his motion (*Doc. 60*) requesting access to a law library, a computer and software for legal research and writing, or to stay this case until after his projected release date from prison in 2009, should have been ruled on by the undersigned instead of by the Magistrate Judge. The Magistrate Judge denied this motion in an order (*Doc. 80*) filed on December 3, 2007. Additionally, Plaintiff argues that his motion (*Doc. 86*) to reconsider this denial, which the Magistrate Judge denied in an order (*Doc. 97*) filed on February 12, 2008, should have been decided by the undersigned instead of by the Magistrate Judge. Plaintiff argues that the Magistrate Judge could not rule on these motions because they requested, in part, a stay of this case until Plaintiff is released from prison in 2009. Plaintiff argues that his request for a stay constituted a request for injunctive relief which was beyond the Magistrate Judge's authority and, therefore, it was error for the Magistrate Judge to rule on these motions.[20] The Court rejects this argument for several reasons.

---

[19]Plaintiff's Motion for Reconsideration of Magistrate's Order on Motion for Additional Time to File Written Objections (Doc. 102)(*Doc. 103*), Exhibit C.

[20]*See* Plaintiff's Written Objections to Magistrate's Proposed Findings and Recommended Disposition (Doc. 99) (Under Penalty of Perjury) (*Doc. 105*) at 5, ¶ 15.

First, these motions were not at issue in the PF&RD and, therefore, are not properly the subject of objections to the PF&RD pursuant to Fed. R. Civ. P. 72(b)(2). Second, the decision of whether to stay a case is not dispositive and a stay is not injunctive relief beyond the authority granted magistrate judges pursuant to 28 U.S.C. § 636. *See Touton, S.A. v. M.V. Rizcun Trader*, 30 F. Supp. 2d 508, 510 (E.D. Pa. 1998) (magistrate judge's stay of proceedings pending arbitration, and later lifting of the stay, did not constitute "injunctive relief" beyond magistrate judge's authority). Third, even if Plaintiff's motion for reconsideration (*Doc. 86*) is considered an appeal to the district court, the undersigned finds it to be without merit.

Next, Plaintiff argues that he "has been completely overwhelmed by this case," since he was prohibited from using a computer in prison and was "deliberately lied to by the state court judge about the existence of computerized law libraries in [New Mexico] prisons as an inducement to secure a plea bargain."[21] The Court finds this argument to be vague and conclusory and, therefore, without merit. Furthermore, an examination of Plaintiff's multiple filings in this case show that he has at least some knowledge of legal proceedings; he is able to write clearly and in a fairly well-organized and coherent way; and he often cites case law and other legal authorities in support of his submissions. Plaintiff's first request for the use of a computer for research and writing in this case was denied by the Court on June 29, 2006,[22] and since that time Plaintiff has been able to file dozens of lengthy and legible documents without the benefit of a computer.[23]

---

[21]*Id.* at ¶ 16.

[22]*See* Memorandum Opinion and Order (*Doc. 14*) at 2.

[23]To the extent that Plaintiff complains he is denied the use of a computer at the present time, any claims that he may have based on such a complaint would be against the prison officials responsible for the prison where he is presently incarcerated, not Defendants in this case.

11

Plaintiff also appears to argue that the Magistrate Judge erred in finding that Plaintiff suffers from a serious mental disorder but then failed to take that into account in the PF&RD. Plaintiff does not explain how the Magistrate Judge should have taken this into account. The Court finds that this argument evidences a misunderstanding of the Magistrate Judge's findings in the PF&RD. In the PF&RD, the Magistrate Judge assumed, without deciding, that Plaintiff suffers from a serious mental disorder.[24] She did so in connection with her analysis of Plaintiff's claim that he received inappropriate mental health treatment while he was incarcerated at the New Mexico Behavioral Health Institute (hereinafter, "NMBHI"). Plaintiff's mental competence has never been at issue in this case and the Magistrate Judge made no findings in the PF&RD with regard to Plaintiff's mental competence. Therefore, the Court rejects this objection.

In a very brief and conclusory objection, Plaintiff contends that Defendant Rouzaud, a psychiatrist, never examined Plaintiff and should, therefore, not be allowed to offer decisions or opinions about Plaintiff. This objection does not sufficiently direct the Court's attention to those parts of the PF&RD which Plaintiff contends are in error. There are no references in this objection to those portions of the PF&RD which Plaintiff believes are incorrect. Objections to a magistrate judge's report and recommendations must be specific in nature to warrant consideration.

Plaintiff appears to argue that the Magistrate Judge should have informed him of the legal standards for a claim of deliberate indifference to serious medical needs in violation of the Eighth Amendment. This objection has no merit because it is not the Court's job to give legal advice to Plaintiff or serve as his advocate. *See Hall v. Bellmon*, 935 F.2d at 1110.

---

[24] *See* PF&RD (*Doc. 99*) at 18.

In another brief and conclusory allegation, Plaintiff asserts that his state appellate public defender, in a different proceeding, has initiated competency proceedings on appeal, stating that Plaintiff cannot consult with her.  Plaintiff attaches what purports to be a letter from his appellate defender in support of this assertion.[25]  This letter, dated February 28, 2008, was not filed with the Court until Plaintiff filed his objections on March 14, 2008.  In this letter, the public defender expresses concern about Plaintiff's competence to proceed with a state appeal, but the letter does not indicate that a competency proceeding has been initiated in connection with Plaintiff's state appeal or that any competency determination has been made in connection with Plaintiff's state appeal.  Moreover, this objection seemingly contradicts Plaintiff's allegation in his complaint in this proceeding that he is *not* incompetent,[26] and Plaintiff fails to explain how this objection and the letter from the public defender make the findings and recommended disposition in the PF&RD erroneous.  Thus, the Court rejects this objection.

Next, seemingly rhetorically, Plaintiff asks in an objection "if there will ever be any person who will consider his claims and that his mental and physical condition makes it impossible for him to proceed under these circumstances."[27]  Like many of Plaintiff's other objections, the Court finds this objection too vague and conclusory to meet the specificity requirements of Fed. R. Civ. P. 72(b)(2) and 28 U.S.C. § 636(b)(1) and thereby warrant consideration.

---

[25]*See* Plaintiff's Written Objections to Magistrate's Proposed Findings and Recommended Disposition (Doc. 99) (Under Penalty of Perjury) (*Doc. 105*), Exhibit A.

[26]*See* Civil Rights Complaint (*Doc. 1*) at ¶ 13.

[27]Plaintiff's Written Objections to Magistrate's Proposed Findings and Recommended Disposition (Doc. 99) (Under Penalty of Perjury) (*Doc. 105*) at 6, ¶ 21.

13

Plaintiff appears to object to the Magistrate Judge's finding that Plaintiff made no showing that he suffered harm from not being treated for Hepatitis C at NMBHI.[28]  In his objection, Plaintiff appears to contend that because Hepatitis C is a serious medical condition, Defendants' failure to affirmatively treat this condition during Plaintiff's four months at NMBHI constitutes per se deliberate indifference to his serious medical needs.  The Magistrate Judge properly found that Plaintiff made no showing that he suffered any harm from not being treated for Hepatitis C at NMBHI.  As the Magistrate Judge noted in the PF&RD, "[t]he objective component of the [deliberate indifference] test is met if the harm suffered is sufficiently serious to implicate the Cruel and Unusual Punishment clause [of the Eighth Amendment]."  *Kikumura v. Osagie*, 461 F.3d 1269, 1291 (10th Cir. 2006) (internal quotation marks omitted).  In connection with Defendants' motion for summary judgment, Plaintiff made no evidentiary showing that he suffered harm from not being treated for Hepatitis C at NMBHI.

Finally, Plaintiff contends in an objection that:

> Defendants lied over and over. They are LIARS!  Plaintiff has over and over, time and again, provided sworn statements contradicting the absurd claims made by Defendants and their agents.  The Magistrate [Judge] ignored Plaintiff[']s affidavits, because to do otherwise would interfere with the plan to have the case dismissed.[29]

These objections, which are conclusory and lack any references to the PF&RD or the record, have no merit.

For the reasons set forth above, Plaintiff's objections will be overruled and the Court will adopt the PF&RD.

---

[28] This finding is in the PF&RD (*Doc. 99*) at 29.

[29] Plaintiff's Written Objections to Magistrate's Proposed Findings and Recommended Disposition (Doc. 99) (Under Penalty of Perjury) (*Doc. 105*) at 6, ¶ 23.

**IT IS THEREFORE ORDERED** that Plaintiff's objections to the Magistrate Judge's Proposed Findings and Recommended Disposition (*Doc. 99*) are **OVERRULED** and the Proposed Findings and Recommended Disposition (*Doc. 99*) are **ADOPTED** by the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (*Doc. 64*) is **GRANTED** and that judgment be entered in favor of Defendants concurrently with this order dismissing all of Plaintiff's claims and this case with prejudice.

**IT IS SO ORDERED** this 28th day of March, 2008**.**

_____
**HON. M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**